UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| CANDACE BISHOP, Personal Representative for the Estate of CHARLES EDWARD BISHOP, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case: 3:20-cv-03002-RAL <br><br> **PROTECTIVE ORDER** |

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order ("Protective Order"), upon the joint request of Plaintiff and Defendant (the "parties"), for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, offices of the Government, or Government personnel in the course of this litigation. Accordingly,

**IT IS HEREBY ORDERED** that the terms and conditions set forth in the Stipulation for Protective Order are entered herewith, as follows:

1.  Discovery in this case will involve the production of documents in the possession of the United States that are maintained in a government system of records. These records may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifiable information. However, nothing in this Protective Order shall require production of information that is prohibited from disclosure (even

with the entry of this Protective Order) by other applicable privileges, statutes, regulations, or authorities.

2.  The United States, its agencies, and employees, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to produce, provide, and release, in connection with this litigation, information and documents that would otherwise be protected from disclosure under the Privacy Act, as well as information and documents covered by the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., and the Health Insurance Portability and Accountability Act, see Pub. L. No. 104-191, 101 Stat. 1936 (1996).

3.  For purposes of this Protective Order, the term "Confidential Information" includes the following: (a) information produced by the United States, its agencies, or employees, which the United States has determined to be protected by the Privacy Act; and (b) other information that counsel for the parties deems, in good faith, to be confidential, proprietary, sensitive, or personal, including but not limited to, information the release of which could constitute an unreasonable invasion of privacy. Such information may only be used, disseminated, copied, or disclosed as indicated in this Protective Order.

4.  The parties may designate documents, testimony, written responses, and other materials produced in this case as subject to this Protective Order by marking each page as "Subject to Protective Order," if practical to do so. If it is not practical to do so, the designating party must otherwise inform the receiving party, in writing, that the information is subject to this Protective Order.

5.  Except as otherwise ordered by this Court or provided herein, or stipulated to by counsel, any documents or materials designated "Subject to Protective Order," including information derived therefrom, may be disclosed only to the following persons: (a) Plaintiff; (b)

attorneys of record for the Plaintiff in this case; (c) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiff to the extent reasonably necessary for the prosecution of this action; (d) attorneys of record for the United States in this case; (e) persons regularly in the employ of such attorneys to the extent reasonably necessary to render professional services in this case; (f) employees of federal agencies as deemed necessary by counsel for the United States; (g) this Court and its support personnel who are involved in this case; and (h) any court reporter reporting a deposition.

6. Except as provided herein, no person having access to Confidential Information shall make any disclosure of Confidential Information without further Order of the Court.

7. Except as provided herein, Confidential Information may be used only for purposes of this litigation.

8. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the parties through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party using the information to establish that such information or document was lawfully obtained through means or sources outside of this litigation.

9. Except for the individuals described in Paragraph 5(g) above, all individuals to whom Confidential Information is disclosed shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use the Confidential Information except in compliance with this Protective Order; and shall, before receiving Confidential Information, acknowledge their agreement to comply with this Protective Order by signing a copy of the attached acknowledgment form. A copy of each such acknowledgment form must be provided promptly after its execution to counsel for Plaintiff and counsel for United States.

10. Any documents, filings, briefs, or other materials containing information designated "Subject to Protective Order," if filed publicly, shall contain redactions of the Confidential Information.

11. As a supplement to the public filing of any documents, briefs, or other materials that conceal (through the use of redactions) materials designated "Subject to Protective Order," a party may file under seal materials containing the Confidential Information without concealment. Neither the Plaintiff, the United States, or any other litigant or third party may use Confidential Information in open Court, orally or through documents, without first obtaining the written consent of counsel of the Department of Justice or an order from the Court ruling that the Confidential Information is relevant and may be publicly disclosed.

12. Nothing in this Protective Order shall limit the parties' right to access, use, or disclose their own Confidential Information, and the requirements of Paragraph 9 shall not apply to the parties' own Confidential Information. Nothing in this Protective Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

13. Whenever materials designated "Subject to Protective Order" are to be discussed or disclosed in a deposition, hearing, or pre-trial proceeding, the United States may exclude from the room any person—other than persons designated in Paragraph 5 and who have complied, if applicable, with the terms of Paragraph 9—for that portion of the deposition, hearing, or pre-trial proceeding. A party's right to use materials designated "Subject to Protective Order" at a hearing or other court proceeding in this action shall be determined by the presiding judge. The Court may also require the redaction of personal identifiers in materials designated "Subject to Protective Order" before use at a hearing or other Court proceeding in this action. The designation of

materials designated "Subject to Protective Order" shall not affect the Court's determination as to whether the material shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. This Protective Order shall not govern the admission of evidence at trial in open court. Should a party believe that documents, materials, or information designated as "Subject to Protective Order" should not be used in open court during trial, that party will have the burden to seek such protections from the court prior to trial.

14. Within 30 days after receipt of the final transcript of the deposition of any party or witness in this case, the parties may designate "Subject to Protective Order" any portion of the transcript that the parties view as disclosing Confidential Information. If a transcript (or excerpt of a transcript) containing any such material is filed with the Court, it shall be filed under seal and marked as "Confidential—Subject to Protective Order." Unless otherwise agreed, all deposition transcripts shall be treated as subject to this Protective Order until the expiration of the 30-day period.

15. At the deposition of any witness, the parties may designate "Subject to Protective Order" any confidential testimony, exhibit, or other information provided or disclosed at the deposition of any witness, and that testimony, exhibit, or other information is subject to the provisions of this Protective Order, unless the Court orders otherwise or counsel for the parties stipulate otherwise.

16. Should this matter proceed to trial, the parties shall confer concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case and in accordance with Paragraph 13 above.

17. The parties reserve the right to dispute the confidential status of information in accordance with this Protective Order. If the parties believe that any materials have been inappropriately designated "Subject to Protective Order," counsel for the parties shall confer in good faith in an attempt to resolve the matter. As part of that conferral, the parties must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter, the matter may be challenged by motion. The parties must abide by the confidential designation until the matter is resolved by agreement of the parties or by the Court.

18. The inadvertent failure to label a document, testimony, or other material as "Subject to Protective Order" prior to disclosure shall not waive or forfeit the right to later designate the document, testimony, or other material as Confidential Information. The parties, their counsel, and any others bound by this Protective Order shall not disclose such documents, testimony, or other material if the person knows or reasonably should know that a claim of confidentiality would be made. Promptly after receiving notice of a claim of confidentiality, the receiving parties, their counsel, or others bound by this Protective Order shall inform the designating party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

19. Labeling of information or documents as "Subject to Protective Order," or the failure to do so, will not constitute an admission regarding the confidentiality of information or documents. The receiving parties may not introduce into evidence in any proceeding between the parties, other than in a motion to determine whether this Protective Order covers the information or documents in dispute, the fact that the disclosing party labeled or failed to label information or documents "Subject to Protective Order" or otherwise designate them as Confidential Information.

20. Except as provided herein, within ninety (90) days of the conclusion of this case

(including any appeals), documents, discovery requests, discovery responses, transcripts, and other materials, and all copies thereof, containing Confidential Information must be destroyed by persons in possession of such materials containing Confidential Information. Within ninety (90) days of the conclusion of this case (including any appeals), Plaintiff's counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Confidential Information must certify in writing that said items, and all copies thereof, containing Confidential Information have been destroyed. Within ninety (90) days of the conclusion of this case (including any appeals), Plaintiff's counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Confidential Information must also certify in writing that any documents they or their attorneys or agents have created which contain Confidential Information derived solely from those protected documents, discovery requests, discovery responses, transcripts, or other materials have been destroyed. Notwithstanding the foregoing provisions of this Paragraph, no person is required to destroy any document that has been publicly filed with this Court or with a court of appeals of competent jurisdiction in connection with this case; further, this Paragraph does not apply to the United States, its employees, its attorneys, or persons hired or in the employ of its attorneys; or to this Court or its support personnel.

21.   If Plaintiff receives a subpoena or similar request, or a court order, to produce, disseminate, or transmit Confidential Information produced under this Protective Order to any person or entity not authorized under this Protective Order to receive Confidential Information, Plaintiff's counsel shall notify counsel for the United States of the subpoena, request, or court order no less than 14 days prior to the production deadline set forth in the subpoena, request, or court order so as to provide the United States sufficient time to object and seek a protective order

7

as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved. If Confidential Information produced under this Protective Order is required by law or court order to be disclosed to a person or entity not identified herein as an authorized individual, the person or entity receiving the Confidential Information shall, before receiving the Confidential Information, be provided with a copy of this Protective Order and shall acknowledge their agreement to comply with this Protective Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel for the United States.

22. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. Nor does this Protective Order constitute any ruling on the question of whether the United States may withhold any particular document or category of information on the basis of privilege.

23. This Protective Order does not constitute a waiver of any defense, right, objection, privilege, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection—including, but not limited to, the attorney-client privilege, attorney work product, or the law enforcement privilege—in connection with this litigation. Furthermore, inadvertent disclosure by Plaintiff or the United States, its agencies, or its employees of any document or other material containing attorney-client communications, attorney work product, or other privileged information shall not constitute a waiver of the privilege for either that document or other material, or for the subject matter of that document or other material. Except in the event that the requesting party disputes the claim of privilege, any documents the disclosing

party deems to have been inadvertently disclosed and to be subject to a privilege shall, within five business days of notification, be returned to the producing party, or destroyed, at that party's option. If the privilege claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

24.   Nothing in this Protective Order shall preclude the parties from seeking amendments to expand or restrict the rights of access to or use of materials designated "Subject to Protective Order," or other modifications, subject to order by the Court.

25.   The restrictions on disclosure and use of materials designated "Subject to Protective Order" shall survive the conclusion of this action, and this Court shall retain jurisdiction to enforce the terms of this Protective Order.

26.   Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule, or the inherent power of the Court.

DATED this 11th day of August, 2021.

BY THE COURT:

_____
Honorable Roberto A. Lange
United States District Judge